1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ANGEE BURRELL, | Case No.  1:16-cv-01118-SAB (PC) |
| 12          Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO |
| 13      v. | STATE A COGNIZABLE CLAIM FOR RELIEF |
| 14  RUSLAN LOZOVOY, et al., | (ECF No. 1) |
| 15          Defendants. | THIRTY DAY DEADLINE |

16

17      Plaintiff Angee Burrell is a state prisoner appearing pro se and in forma pauperis in this

18  civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate

19  jurisdiction pursuant to 28 U.S.C. § 636(c)(1).[1]   Currently before the Court is Plaintiff's

20  complaint, filed on August 2, 2016.  (ECF No. 1.)

21                                      **I.**

22                      **SCREENING REQUIREMENT**

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

25  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

27  that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28  _____

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 28, 2016.  (ECF No. 10.)

1

1   1915(e)(2)(B).

2       A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

6   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each

7   named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-

8   677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

9       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

11  1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be

12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13  that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss

14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant

15  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16  liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d

17  at 969.

18  **II.**

19  **COMPLAINT ALLEGATIONS**

20      Plaintiff is a state inmate in the custody of the California Department of Corrections and

21  Rehabilitation ("CDCR"). The events at issue here occurred when Plaintiff was incarcerated at

22  Kern Valley State Prison ("KVSP"). Plaintiff names the following individuals as defendants:

23  Ruslan Lozovoy, a nurse practitioner at KVSP; Jeff Sao, a primary care provider at KVSP; S.

24  Bozarth, a health specialist at KVSP; M. Spaeth, Chief Physician at KVSP; Karen Brown, Chief

25  Executive Officer ("CEO") of KVSP; T. Kubicki, CEO of KVSP; Karen Brown, MAOM,

26  CCHP/CEO at KVSP[2]; J. Lewis, CDCR Deputy Director at California Correctional Health Care

27  [2] Plaintiff lists Karen Brown twice in the list of Defendants. Plaintiff's complaint states that the first Karen Brown is
    Chief Executive Officer at KVSP and the second Karen Brown is MAOM, CCHP/CEO at KVSP. Plaintiff also lists
28  a Michael Knowles and a Mike Knowles as Defendants. It is possible that Plaintiff intends to name two Karen

Services ("CCHCS"); S. Rimbach, AW/ADA Coordinator at KVSP; B. Kemp, Health Care Correctional Analyst at CDCR/KVSP; E. Perez, Correctional Counsel II (A) at KVSP; John Dovey, CDCR Director at CDCR; Evelyn Matteuci, CCHCS Analyst at CDCR/CCHCS; Michael Knowles, CDCR CAMU at CCHCS; Cathy Etchebehere, CDCR-CAMU at CDCR/CCHCS; Andrea Moon, CDCR-OLA at CCHCS; Nashea Jackson, CDCR-OLA at CCHCS; Lori Zamory, CDCR-OACC at CCHCS; Ned Fluet, Attorney General co-counsel; Bryan Kao, O.A.G. co-counsel; Sharon Garske, O.A.G. co-counsel; Ed Swanson, court expert; Trina Hirsig; Michael Mueller, who is employed at CDCR Office of Legal Affairs; Carrie Stafford, who is employed at CDCR Office of Legal Affairs; Mike Knowles; Jay Goldman, employed at the Office of the Attorney General; Janelle Smith, who is employed at the Office of the Attorney General; J. Todd, Appeal's Coordinator at KVSP Appeal's Office; Don Meier, CDCR Deputy Director at CDCR; and John Does 1-20.  Plaintiff sues all Defendants in their official and individual capacities.

Plaintiff alleges as follows: he has been deaf/hearing impaired since he arrived at San Quentin State Prison ("San Quentin") on April 10, 2002, and was diagnosed by Dr. M. Trina while he was at San Quentin.[3]  On April 24, 2015, Plaintiff arrived at KVSP and "[t]he CDCR 1845 Section D Showed plaintiff's Status [sic]."

In May 2015, Plaintiff was seen by Defendant Lozovoy, a nurse practitioner, about the hearing aid defectiveness, but Defendant Lozovoy was only concerned about the new arrival examination.  When Plaintiff tried to speak, Defendant Lozovoy stated, "[h]e did not want to hear nothing I had to say," and Plaintiff was discharged.

On June 8, 2015, Plaintiff received a letter from the Prison Law Office that someone from there was going to visit him.  On June 15, 2015, he was interviewed by Amber Norris, monitor and investigator.  Ms. Norris noticed that Plaintiff's hearing aid needed repair.  On June 15, 2015, Ms. Norris and Plaintiff jointly submitted a CDCR 1824 Form.  On June 24, 2015, the

Browns, a Michael Knowles, and a Mike Knowles as Defendants.  Plaintiff must allege factual allegations specific to each Defendant and must differentiate between Defendants who have the same name so it is clear which factual allegations involve which Defendant.

[3] Plaintiff refers to Exhibits A through Q.  However, no exhibits were attached to Plaintiff's complaint.

CDCR 1824 Form was denied and Plaintiff was denied an inmate interview.  Plaintiff also states that the 1824 appeal was approved with modification and that he was instructed to complete a CDCR 602-HC-Appeal.

On July 9, 2015, Plaintiff submitted a CDCR 602-HC-Appeal.  On July 16, 2015, he received a rejection notice from Defendant Todd at the Health Care Appeals Office that he had to name the provider or provide enough information to process the appeal.

On July 22, 2015, Plaintiff was examined by Dr. Dileo, who then put in an order to have Plaintiff's hearing aid be fixed.  On July 23, 2015, the physician request for service was denied.

On August 14, 2015, Plaintiff resubmitted the CDCR 602-HC-Appeal with a written explanation expressing why he disagreed with the second screen out.

On August 24, 2015, Plaintiff was seen by Defendant Bozarth, who broke Plaintiff's health care appeal into three parts beyond the scope of the screening process defined in the rules and regulations to keep Plaintiff's health care appeal from going forward and being addressed.

On August 26, 2015, Defendant Sao denied Plaintiff's appeal that had been broken up. On August 27, 2015, Plaintiff received from Defendant Sao a CDCR 7410 Form and a new CDCR 1824 Form, which removed Plaintiff from the DPP Code DNH.  Plaintiff also received a PCP progress note that he was denied treatment.  On September 8, 2015, Plaintiff received in the mail from Defendant Lozovoy a CDCR 7410 form and CDCR 1845 form that he was removed from the DPP Code DNH.

On October 2, 2015, Corene Kendrick, a staff attorney at the Prison Law Office sent an advocacy letter on Plaintiff's behalf to Defendant Dovey and Defendant Matteuci.  On October 6, 2015, Anjuli Branz at the Prison Law Office received a letter from Plaintiff and an update of his medical condition.

On October 8, 2015, Defendant Brown, CEO, denied Plaintiff's health care appeal in Log No. KVSP-HC-15036-323.

On October 20, 2015, Defendant Dovey responded to the Prison Law Office.

On December 11, 2015, the health care appeal was denied at the third level by Defendant Lewis.

1    Plaintiff tried to explain about his hearing aid, but the medical staff failed to promptly
2    hear him out.  The medical staff arbitrarily and capriciously delayed trying to fix or repair
3    Plaintiff's hearing aid and it was easier for Defendants Sao and Lozovoy to remove him from the
4    DPP Code DNH than to treat Plaintiff.  Plaintiff's permanent serious medical condition affects
5    his daily activities and the failure to treat this condition can result in further significant injury and
6    the unnecessary and wanton infliction of pain.

7    Plaintiff saw Dr. Victor V. Kitt in Bakersfield, a board certified doctor in otolaryngology.
8    Dr. Kitt determined that Plaintiff's left ear "went ALL the way Dead" and the right ear "is going
9    Bad."  Plaintiff alleges that he has a permanent irreversible disability and that the medical staff
10   changed Plaintiff's CDCR 1845 and CDCR 7410 back to permanent after the visit with Dr. Kitt.

11                                              **III.**

12                                         **DISCUSSION**

13       **A.      Linkage Requirement**

14   Plaintiff fails to link the following Defendants to any affirmative act or omission giving
15   rise to the alleged constitutional violations: Defendant Rimbach, Defendant Kemp, Defendant
16   Perez, Defendant Knowles, Defendant Etchebehere, Defendant Moon, Defendant Jackson,
17   Defendant Zamory, Defendant Fluet, Defendant Kao, Defendant Garske, Defendant Swanson,
18   Defendant Hirsig, Defendant Mueller, Defendant Stafford, Defendant Goldman, Defendant
19   Janelle Smith, Defendant Meier, and the Doe Defendants.

20   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
21   connection between a defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423
22   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Plaintiff's allegations
23   must demonstrate that each defendant personally participated in the deprivation of his rights.
24   See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Further, vague and conclusory
25   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
26   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff may cite exhibits in support of his
27   allegations, but he must describe how each Defendant violated his rights in the complaint itself to
28   state a claim.

If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants in the complaint, e.g., "John/Jane Doe 1," John/Jane Doe 2," and allege specific acts attributed to each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and 3 did Y," so that each numbered John Doe refers to a different specific person and their role in the alleged violations is clear.   In addition, the Court cannot order service of a Doe Defendant because the United States Marshal cannot serve a Doe Defendant.  Therefore, before the Court orders the United States Marshal to serve a Doe Defendant, Plaintiff will be required to identify him or her with enough information to locate the Defendant for service of process.

### B.    Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 676-77; Ewing v. Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Simmons, 609 F.3d at 1020-21; Jones, 297 F.3d at 934.  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

### C.    Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004),

1   and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or

2   possible medical need" and the indifference caused harm.  Jett, 439 F.3d at 1096.

3        In applying this standard, the Ninth Circuit has held that before it can be said that a

4   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

5   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

6   cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

7   Estelle, 429 U.S. at 105-106).  "[A] complaint that a physician has been negligent in diagnosing

8   or treating a medical condition does not state a valid claim of medical mistreatment under the

9   Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

10  because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,

11  45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate

12  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

13  1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not

14  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

15       "Whether a prison official had the requisite knowledge of a substantial risk is a question

16  of fact subject to demonstration in the usual ways, including inference from circumstantial

17  evidence."  Farmer, 511 U.S. at 842.  A fact finder may conclude that an official knew of a

18  substantial risk from the fact that the risk was obvious.  Id. at 843 n.8.  Moreover, "turning a

19  blind eye to the relevant surrounding facts will not shield a prison official from liability."  Swan

20  v. United States, 159 F.Supp.2d 1174, 1182 (N.D. Cal. 2001).  "Farmer's subjective standard

21  does not invite prison supervisors to bury their heads in the sand."  Walton v. Dawson, 752 F.3d

22  1109, 1119 (8th Cir. 2014) (citing Farmer, 511 U.S. at 843 n.8) (finding that liability may be

23  imposed "if the evidence showed that [a prison official] merely refused to verify underlying facts

24  that he [or she] strongly suspected to be true, or declined to confirm inferences of risk that he [or

25  she] strongly suspected to exist")).

26       Here, the Court finds that Plaintiff has not stated a claim against any named Defendants.

27  Although Plaintiff's complaint contains allegations against Defendant Lozovoy, Defendant Sao,

28  Defendant Bozarth, Defendant Spaeth, Defendant Brown, Defendant Kubicki, Defendant Lewis,

1  Defendant Dovey, Defendant Matteuci, and Defendant Todd, Plaintiff has not set forth sufficient

2  factual allegations that these Defendants were deliberately indifferent to a serious medical need.

3        Plaintiff alleges that he was diagnosed as deaf/hearing impaired and Defendant Lozovoy

4  did not want to listen to Plaintiff's statements about the defectiveness of his hearing aid.

5  However, Plaintiff does not explain how the hearing aid was defective or how the defective

6  hearing aid affected him.  He allegations suggests he heard Lozovoy because he stated what

7  Lozovoy said to him.

8        Plaintiff alleges that he was removed from DPP Code DNH on CDCR 7410, 1824, and

9  1845 Forms, but he also states that his CDCR 7410 and 1845 Forms were changed to permanent.

10  It is unclear what date Plaintiff's status was changed back to permanent.  It is also unclear what

11  harm Plaintiff suffered from being removed from DPP Code DNH.

12        Plaintiff makes numerous allegations regarding letters, CDCR forms, and health care

13  appeals sent by him or on his behalf, but he does not allege what information or requests were in

14  the letters, CDCR Forms, and health care appeals.  Plaintiff states that his June 15, 2015 CDCR

15  1824 Appeal regarding repairing or replacing his hearing aid was approved with modification,

16  but he does not specify how it was specifically granted and what the modification was.  Plaintiff

17  also states that his grievance was partially granted at the second level by Defendant Kubicki on

18  September 14, 2015, but he does not specify how it was partially granted.  If Plaintiff seeks to

19  bring claims based upon the responses to his letters, CDCR Forms, and health care appeals, he

20  should specifically state what information or requests were in these documents and what the

21  responses stated.  Plaintiff should also describe the harm he suffered based on the responses or

22  lack of responses by named Defendants.

23       **D.**     **Official Capacity Claims**

24        Plaintiff sues Defendants in both their individual and official capacities.  Plaintiff is

25  advised that "[t]he Eleventh Amendment bars suits for money damages in federal court against a

26  state, its agencies, and state officials acting in their official capacities."  Aholelel v. Dept. of

27  Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, "[a] state official in his or her

28  official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-

capacity actions for prospective relief are not treated as actions against the State.'" <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 n.10 (1989).

### E.    Equitable Relief

Plaintiff seeks a declaratory judgment that his Eighth Amendment rights were violated and an injunction ordering Defendants to honor Plaintiff's prior hearing treatment and permanent medical chronos for medical appliances.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary, and Plaintiff's request for a declaratory judgment will be dismissed, without leave to amend.

Further, because Plaintiff is no longer incarcerated at KVSP, he lacks standing to pursue his claims for injunctive relief against some of the named Defendants. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969-73 (9th Cir. 2010); <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001). As Plaintiff has been moved from KVSP to Correctional Training Facility ("CTF"), his request for injunctive relief is moot against the KVSP officials. Therefore, Plaintiff is limited to seeking monetary damages from Defendants who are KVSP officials. However, Plaintiff also asserts claims against Defendants who are not KVSP officials and Plaintiff is being given the opportunity to amend his complaint. Therefore, Plaintiff's request for injunctive relief is not necessarily moot against the officials who are not employed at KVSP. Accordingly, if Plaintiff chooses to file an amended complaint, he may amend his request for injunctive relief.

/ / /

1    **F.      Request for Appointment of Impartial Expert Witnesses**

2    Plaintiff requests that impartial expert witnesses be appointed at the expense of

3    Defendants.  Plaintiff is advised that an expert witness may testify to help the trier of fact

4    understand the evidence or determine a fact at issue.  Fed. R. Evid. 702.  Under Rule 706(a) of

5    the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own

6    motion or on the motion of a party.  Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long

7    Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Rule 706 does not contemplate court

8    appointment and compensation of an expert witness as an advocate for Plaintiff.  See Gamez v.

9    Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010).

10   Indeed, appointment of an independent expert under "Rule 706 should be reserved for

11   exceptional cases in which the ordinary adversary process does not suffice."  In re Joint E. & S.

12   Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of

13   independent expert in mass tort case).

14   The appointment of an independent expert is to assist the trier of fact, not a particular

15   litigant.  The Court may not appoint an expert witness to advocate for Plaintiff at trial.  Plaintiff

16   fails to provide a valid basis to require the appointment of a neutral expert witness to assist the

17   Court and/or a jury.  Therefore, Plaintiff's request for appointment of impartial expert witnesses

18   is denied.

19                                **IV.**

20                    **CONCLUSION AND ORDER**

21   For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

22   be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll

23   v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

24   suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,

25   607 (7th Cir. 2007) (no "buckshot" complaints).

26   Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff must

27   identify how each individual defendant caused the deprivation of Plaintiff's constitutional or

28   other federal rights: "The inquiry into causation must be individualized and focus on the duties

1   and responsibilities of each individual defendant whose acts or omissions are alleged to have

2   caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  With

3   respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c),

4   they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

5   words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

6   complaint because at this stage Plaintiff's factual allegations will be accepted as true.

7        Although Plaintiff's factual allegations will be accepted as true and "the pleading

8   standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must

9   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

10   face.' " <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).  "A claim has facial

11   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

12   inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing

13   <u>Twombly</u>, 550 U.S. at 556).

14        An amended complaint supersedes the original complaint.  <u>Forsyth v. Humana, Inc.</u>, 114

15   F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  The

16   amended complaint must be "complete in itself without reference to the prior or superseded

17   pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

18   complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567

19   (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114

20   F.3d at 1474.  Finally, Plaintiff is advised that he may not bring unrelated claims in the same

21   action.

22        Based on the foregoing, it is HEREBY ORDERED that:

23        1.    Plaintiff's request for declaratory relief is dismissed, without leave to amend;

24        2.    Plaintiff's request for appointment of impartial expert witnesses is denied;

25        3.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

26        4.    Plaintiff's complaint, filed August 2, 2016, is dismissed for failure to state a

27              claim;

28        5.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an

amended complaint; and

6.   If Plaintiff fails to file an amended complaint, this action will be dismissed for failure to state a claim.


IT IS SO ORDERED.

Dated:   **March 24, 2017**

UNITED STATES MAGISTRATE JUDGE