# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANGEE BURRELL, | Case No. 1:16-cv-01118-SAB (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | |
| RUSLAN LOZOVOY, et al., | (ECF No. 16) |
| Defendants. | |

Plaintiff Angee Burrell is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 10.)

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed April 10, 2017, with a declaration in support. (ECF No. 16.) Plaintiff declares that he is unable to afford counsel, is proceeding pro se, is hearing impaired, and is a layman at the law. He contends that this case is complex, and counsel would better present evidence at trial and gather evidence.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing

and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff's incarcerated status, lack of legal knowledge, and lack of funds are not sufficient to show exceptional circumstances under the relevant standards. Moreover, Plaintiff's allegations of the denial of medical care in this case do not raise particularly complex issues. Plaintiff's first amended complaint is being dismissed with leave to amend in this case concurrently with this order, and thus the Court, at this stage, does not find any likelihood of success on the merits. Although Plaintiff has not yet stated a cognizable claim for relief, based on a review of the record, the Court finds that Plaintiff's filings are clear and understandable, and that he can adequately articulate his claims.

Accordingly, Plaintiff's motion for the appointment of counsel, filed April 10, 2017 (ECF No. 16) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 14, 2017**

UNITED STATES MAGISTRATE JUDGE