# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEE BURRELL,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSLAN LOZOVOY, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01118-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 14)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Angee Burrell is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 10.)

On August 2, 2016, Plaintiff filed the original complaint in this case. (ECF No. 1.) On March 27, 2017, the Court dismissed the original complaint for failure to state a cognizable claim upon which relief may be granted, with leave to amend. (ECF No. 13.)

Currently before the Court is Plaintiff's first amended complaint, filed on April 10, 2017. (ECF No. 14.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is currently incarcerated at the Correctional Training Facility in Soledad, California. The events at issue here occurred when Plaintiff was incarcerated at Kern Valley State Prison ("KVSP").

Plaintiff names the following individuals as defendants: Pfeiffer, Warden at KVSP; Ruslan Lozovoy, a nurse practitioner at KVSP; Jeff Sao, a primary care provider at KVSP; S.

Bozarth, a health specialist at KVSP; Dr. Dileo, a medical doctor at KVSP; and Karen Brown, Chief Executive Officer ("CEO") of KVSP.

Plaintiff alleges as follows: Plaintiff was the victim of a drive-by shooting in 1986. Among other injuries, he was shot in the head and lost hearing activity in the left hear. The incident allowed only little hearing in the left ear.

When Plaintiff arrived at San Quentin State Prison ("San Quentin") in 2002, he was seen by a physician and diagnosed by Dr. M. Trina. Soon after that, Plaintiff was fitted for a hearing aid.

While at California Men's Colony ("CMC") State Prison in 2015, Plaintiff's hearing aid was going out. On April 24, 2015, Plaintiff was transferred to Kern Valley State Prison.

In May 2015, Plaintiff was seen by Defendant Lozovoy, a nurse practitioner, about the hearing aid not working. After Defendant Lozovoy examined Plaintiff, Plaintiff tried speaking so that he could tell Lozovoy that his hearing aid was not working. Defendant Lozovoy stated, "he did not want to hear nothing I had to say" and that "nothing I said matter" and Plaintiff was being rushed during that whole new arrival visit.

On July 22, 2015, Plaintiff was examined by Dr. Dileo. Plaintiff explained that his hearing aid was not working. Dr. Dileo then put in an order to have Plaintiff's hearing aid repaired or replaced. On July 23, 2015, the request was denied.

On August 24, 2015, Plaintiff was seen by Defendant Bozarth, after Plaintiff had taken steps to put in a 602 appeal to get his hearing aid fixed or replaced. Defendant Bozarth made attempts to impede Plaintiff's 602 appeal. Defendant Bozarth interviewed Plaintiff and then broke Plaintiff's health care appeal into three parts, beyond the scope of the screening process. Plaintiff made attempts to explain the situation about his hearing aid.

On August 26, 2015, Plaintiff was sent to KVSP CTC, and was seen by Defendant Sao, the primary care provider. Plaintiff tried to explain to Defendant Sao, the same as he told Defendant Lozovy and Defendant Bozarth, that his hearing aid was not working. Defendant Soa ignored everything that Plaintiff said, and asked Plaintiff to remove his hearing aid from his left ear so that he could do an evaluation. Plaintiff did as instructed, and Defendant Soa placed his

fingers behind Plaintiff's left ear, and then wiggled his fingers, and asked Plaintiff if he could hear his fingers moving. Plaintiff told Defendant Soa that he did not hear the fingers moving, and Defendant Soa ignored Plaintiff's response. Defendant Soa got aggressive with Plaintiff because Plaintiff tried to explain to him that he cannot hear, and that he should not have to write a health care appeal to get his hearing aid fixed. Defendant Soa stated that "that's the only way you got to do and write it up."

Plaintiff also alleges that Defendant Pfeiffer is responsible for all medical staff that works at KVSP, and that Karen Brown, CEO, is responsible for denying Dr. Dileo's order on July 22, 2015.

Plaintiff seeks declaratory relief, a preliminary and permanent injunction ordering no retaliation, prior strength hearing treatment, and permanent medical chronos for medical appliances to be honored. Plaintiff also seeks compensatory and punitive damages, and attorney's fees.

Plaintiff cites declarations and exhibits A through Q in support, which were filed separately. (ECF No. 15.) The exhibits were reference in Plaintiff's original complaint, but were not filed prior to the Court's prior screening order. The exhibits include medical records discussing that in 2002, Plaintiff had hearing loss in his left ear and engaged in "lip reading at times." (ECF No. 15, p. 9.) The records also discuss that on August 26, 2015, Defendant Soa determined that Plaintiff could hear normally out of his right ear, and his hearing was not impaired to the extent that normal conversation was impaired, and therefore the medical necessity for a hearing aid was not met. (Id. at pp. 33-34, 37-38.)

## III.

## DISCUSSION

### A. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77; Ewing v. Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Simmons, 609 F.3d at 1020-21; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or

knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff allegation that Warden Pfeiffer is responsible for all medical staff working at KVSP is insufficient to state a claim. Plaintiff fails to allege facts that Warden directly participated in any actions or inactions that violated Plaintiff's constitutional right. Warden Pfeiffer cannot be liable based solely on her supervisory role as a warden.

**B.      Deliberate Indifference to Serious Medical Need**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely

because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Farmer, 511 U.S. at 842. A fact finder may conclude that an official knew of a substantial risk from the fact that the risk was obvious. Id. at 843 n.8. Moreover, "turning a blind eye to the relevant surrounding facts will not shield a prison official from liability." Swan v. United States, 159 F.Supp.2d 1174, 1182 (N.D. Cal. 2001). "Farmer's subjective standard does not invite prison supervisors to bury their heads in the sand." Walton v. Dawson, 752 F.3d 1109, 1119 (8th Cir. 2014) (citing Farmer, 511 U.S. at 843 n.8) (finding that liability may be imposed "if the evidence showed that [a prison official] merely refused to verify underlying facts that he [or she] strongly suspected to be true, or declined to confirm inferences of risk that he [or she] strongly suspected to exist")).

Plaintiff alleges that he saw Defendant Lozovoy about his hearing aid not working, but Defendant Lozovoy did not want to listen to Plaintiff's statements about the defectiveness of his hearing aid. However, as previously explained to Plaintiff, he must state facts showing how the hearing aid was defective or how the defective hearing aid affected him, such as he could not hear at all, he could only slightly hear, it was uncomfortable, it hurt his ear, etc. His allegations remain insufficient to state a claim against Defendant Lozovoy.

Regarding Defendant Dileo, Plaintiff only alleges that he explained to Defendant Dileo that his hearing aid was not working, and that the doctor put in an order to have it replaced or repaired. There are no allegations showing that Plaintiff had a serious medical need that Defendant Dileo was deliberately indifferent towards, causing any injury.

Plaintiff also alleges that Defendant Brown was responsible for denying Dr. Dileo's request for Plaintiff's hearing aid to be repaired or replaced. This is insufficient to state a claim

against Defendant Brown, as Plaintiff has not alleged facts showing that his need for his hearing aid to be repaired or replaced was a serious medical need, that Defendant Brown was aware of that need, and that she denied the request despite her knowledge of his medical condition.

Plaintiff also does not sufficiently allege a serious medical need that Defendant Sao was deliberately indifferent in treating or failing to treat. According to Plaintiff's allegations and documentation submitted as exhibits to his first amended complaint, Defendant Sao examined Plaintiff's hearing and determined that there was not a medical necessity for a hearing aid. Although Plaintiff may have disagreed with Defendant Sao's medical assessment, and found Defendant Soa's attitude to be too rough or aggressive when treating him, these allegations are not sufficient to state a claim against Defendant Sao.

Plaintiff must allege facts showing that Defendant Sao's response to Plaintiff's medical need amounted to a refusal to provide him with adequate medical care in keeping with Eighth Amendment standards. In other words, Plaintiff must show that Defendant Sao was on notice of a serious medical need that was not being met, and that the denial of adequate care would cause significant injury. See, e.g., Edwards v. Hsieh, 2016 WL 1604762, at *2 (E.D. Cal. Apr. 22, 2016), report and recommendation adopted, 2016 WL 3356279 (E.D. Cal. June 16, 2016) (discussing cases). That standard has not been met here.

### C. Grievance/Health Care Appeals Process

Plaintiff alleges that Defendant Bozarth violated his rights by interviewing him in relation to his 602 appeal, and breaking his health care appeal into three parts.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v.

DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).

Plaintiff has alleged that Defendant Bozarth is a "health specialist." Plaintiff may be able to prove the elements for a claim under the Eight Amendment for deliberate indifference to his serious medical needs against Defendant Bozarth if he can plead facts showing that Defendant Bozarth had both medical training and the authority to intercede on Plaintiff's behalf.

If Plaintiff meets his burden of proof as to the elements of a claim against medical personnel for deliberate indifference to his serious medical needs, he may be able to meet his burden of proof as to the elements of a claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical appeals on that same issue. However, as discussed above, Plaintiff has not stated a cognizable claim for deliberate indifference to his serious medical needs against any defendant. Nor has he pleaded that Defendant Bozarth had the authority to intercede on Plaintiff's behalf and yet did not do so. Thus, he fails to state a claim against Defendant Bozarth for failing to take corrective action via the inmate appeals process.

### D. Equitable Relief

As in his prior complaint, Plaintiff seeks a declaratory judgment that his Eighth Amendment rights were violated and an injunction ordering Defendants to honor Plaintiff's prior hearing treatment and permanent medical chronos for medical appliances. Plaintiff also seeks an order that he will not be retaliated against.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary, and Plaintiff's request for a declaratory judgment will be dismissed, without leave to amend.

Further, because Plaintiff is no longer incarcerated at KVSP, he lacks standing to pursue his claims for injunctive relief against KVPS officials. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). Accordingly, Plaintiff's request for injunctive relief will be dismissed as moot.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Plaintiff is granted one final opportunity to file an amended complaint to attempt to cure the deficiencies outlined above.

Plaintiff's second amended complaint must be filed within thirty (30) days of the date of service of this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to

have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. If Plaintiff wishes to direct the Court's attention to any specific exhibits in support of his allegations, he must do so by specific reference.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

An amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. Finally, Plaintiff is advised that he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's requests for declaratory relief and injunctive relief are dismissed, without leave to amend;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Plaintiff's first amended complaint, filed April 10, 2017, is dismissed for failure to state a claim;

4.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

5.    **If Plaintiff fails to comply with this order, this action will be dismissed**.

IT IS SO ORDERED.

Dated:   **April 19, 2017**

UNITED STATES MAGISTRATE JUDGE